IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDAÑA, ) | |
| ) | |
| Petitioner, ) | No. C 10-1475 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| GREG LEWIS, Acting Warden, ) | (Docket # 3 & 5) |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in Santa Clara County Superior Court of two counts of carjacking and three counts of second degree robbery. The jury also found true allegations that petitioner was armed with a handgun during the commission of all the offenses, and that he personally used a handgun during the commission of four of the five counts. Petitioner admitted having served a prior prison term. On March 25, 2004, he was sentenced to 26 years, four months in state prison and ordered to pay $2,000 in attorney's fees.

Petitioner appealed claiming that (1) the trial court erred in failing to honor his request to represent himself, (2) the court misinstructed the jury on the evidence of uncharged offenses, (3) the court prejudicially erred when it gave CALJIC No. 2.03, (4) the cumulative effect of the errors denied him due process, the court's imposition of an upper term on one count and consecutive terms on two others violated <u>Blakeley v. Washington</u>, 542 U.S. 296 (2004), (6) the order to pay attorney's fees is not supported by substantial evidence, and (7) clerical errors in the abstract of judgment should be corrected.

On August 18, 2005, the California Court of Appeal struck the order to pay attorney's fees, ordered the abstract of judgment corrected to accurately reflect the trial court's sentence and affirmed the judgment as modified.  The Supreme Court of California denied review, but the Supreme Court of the United States granted certiorari review and remanded the matter back to the California Court of Appeal for reconsideration in light of <u>Cunningham v. California</u>, 549 U.S. 270 (2007).

On May 31, 2007, the California Court of Appeal found that the matter must be reversed and remanded for resentencing because, under the rationale of <u>Blakeley</u> and <u>Cunningham</u>, the imposition of the aggravated term on count 1 violated the Sixth Amendment.

On June 11, 2008, the trial court sentenced petitioner to 25 years, four months in state prison and declined to order him to pay any attorney's fees.

Petitioner again appealed claiming, as he did in his first appeal, that the court's imposition of an upper term on one count and consecutive terms on two others violated <u>Blakeley</u>.

On June 22, 2009, the California Court of Appeal affirmed the judgment of the trial court and, on August 26, 2009, the state high court denied review.

On February 3, 2010, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal claiming some of the violations he claimed before and, for the first time, that he denied effective assistance of counsel and that his conviction was based on false testimony.

On February 9, 2010, the California Court of Appeal summarily denied the petition. Petitioner did not seek review from the Supreme Court, but rather proceeded directly to this court.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. He has not presented the Supreme Court of California with an opportunity to consider and rule on the claims he has raised in his federal habeas petition – that he received ineffective assistance of counsel and that his conviction is based on false testimony. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims). The petition must be dismissed as unexhausted.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after state judicial remedies are exhausted.

3

1  But based solely on petitioner's affidavit of poverty, his request to proceed
2  in forma pauperis (docket # 3 & 5) is granted.
3  The clerk is instructed to close the file.
4  SO ORDERED.
5  DATED: <u>Aug. 4, 2010</u>
6  CHARLES R. BREYER
   United States District Judge

28 G:\PRO-SE\CRB\HC.10\Saldana, S1.dismissal.wpd     4